[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, J. Michael Cantore, Jr., Administrator of the Estate of Nobutaka Morizane, has filed a wrongful death action against the defendants, William Rose, Sr. and William Rose, Jr. The plaintiff alleges that the decedent suffered injuries and died as a result of a collision between the jet ski operated by the decedent and one or both of the "Jet Star" boats operated by the defendants. The defendants have filed an answer and two special defenses. In the first special defense the defendants allege that the decedent was negligent. In the second special CT Page 3705 defense the defendants allege that the damages are limited to those recoverable under general maritime law, and that the doctrine of collateral estoppel controls on this issue.
Subsequently, the defendants filed a motion for summary judgment on their second special defense. "`The Superior Courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book Section 379 makes no provision for it.'" Kenney v. Healey Ford-Subaru Inc.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 337830 (April 27, 1994, Hartmere, J.); see also SI Development Corp. v. Saprio, Superior Court, judicial district of New London at New London, Docket No. 526158 (March 14, 1994, Hurley, J.); Gianetti v. National Grange Insurance,11 Conn. L. Rptr. 234 (March 8, 1994, Freedman, J.); Benjamin v.Nunes, 9 Conn. L. Rptr. 143 (May 21, 1993, McDonald, J.).
The defendants' motion for summary judgment on their second special defense is improper, and accordingly is denied.
D'ANDREA, J.